UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

TRIBE OF TWO, LLC,

                      Plaintiff,

         - against -

TOD'S S.p.A. and DEVA, Inc.,

                   Defendants.

------------------------------------------------------------ x

Case No. 1:23-cv-03255 (JGLC)

## STIPULATED PROTECTIVE ORDER

WHEREAS, the Plaintiff Tribe of Two, LLC ("Tribe of Two"), and the Defendants Tod's S.p.A ("Tod's") and Deva, Inc. (hereinafter, collectively, the "Parties"), have already requested and may request throughout this litigation production of documents, information, or other materials which may contain or relate to confidential, proprietary, or trade secret information, including information that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G); and

WHEREAS, the Parties need protection as to certain documents, information or other materials which may contain or relate to confidential, proprietary, or trade secret information that have already been and likely will be requested in connection with this litigation; and

WHEREAS, Federal Rule of Civil Procedure 26(c) provides for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances; and

WHEREAS, the Parties hereby agree to comply with the terms of this Protective Order set forth below;

IT IS HEREBY ORDERED that any person subject to this Order, including, without limitation, the Parties to this action, their representatives, agents, experts and consultants, and all

third parties providing discovery in this action, will adhere to the following terms:

1.     "Confidential Information" shall encompass information that is designated "Confidential" or "Attorneys' Eyes Only." "Confidential Information" includes any accounting records, financial information, commercial information, contracts, agreements, employee lists, employee information, personnel files or human resources records, salary or payroll information, references, dates of birth, Social Security numbers, home or personal addresses and phone numbers, medical records, customer lists, customer information, billing information, corporate books and records, corporate minutes, communications relating to the above, including, but not limited to, deposition testimony, interrogatory answers, responses to requests for admissions, responses to document discovery requests, pleadings, exhibits, or other information or documents provided by or on behalf of either Party (or any of their attorneys or other agents) or by a third party in response to a subpoena (hereinafter referred to as the "Discovery Materials"), which contain confidential or proprietary information of a non-public nature.

In some instances, the disclosure of certain information may be of such a highly confidential nature that it requires greater protection than that afforded to information designated "Confidential." Any information may be designated by a disclosing Party as "Attorneys' Eyes Only" if, in the discretion of the disclosing Party, it is determined in good faith: (1) to contain non-public information of a competitively, commercially, or personally sensitive, proprietary, financial, or trade secret nature, or to involve or implicate the privacy interests of persons who are not a party to this lawsuit; and (2) that disclosure of such information to the other party may be unduly detrimental to the disclosing Party's or a third party's interests. The parties agree that the Attorneys' Eyes Only category shall apply to the parties' commercial contracts and such other categories as may be expressly agreed to by the parties in writing.

2

2.      The designation of Discovery Materials in the form of documents, responses to

discovery requests, interrogatory responses, responses to requests for admissions, or other

tangible materials as confidential shall be made by the designating party by conspicuously

affixing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" near the Bates

number or near the bottom of each page to which the designation applies (or, in the case of

computer medium, on the medium and its label and/or cover) to which the designation applies.

If the entire document is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and more than

25 pages in length, stamping the front page as such shall be sufficient to cover the entire

document under this Protective Order.  Such designated Discovery Materials shall be identified

by a Bates number or other description sufficient to identify such document with certainty.

Electronically stored information which is produced may be marked "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" by so marking the disk or other medium by which the

information is produced.  Deposition testimony and exhibits containing Confidential Information

or Attorneys' Eyes Only Information shall be declared on the record with specificity regarding

the lines of questioning or as to each question or exhibit marked; or by providing page and line

designations and exhibit numbers within 20 days of receiving the transcript of the deposition.

Prior to the expiration of the 20 day period, depositions and exhibits containing Confidential

Information or Attorneys' Eyes Only Information shall not be filed with the Court and shall

otherwise be subject to the disclosure restrictions set forth in paragraph 3 below.  With respect to

documents produced by third parties, those parties may agree to become signatories to this

Protective Order and designate materials as Confidential Information or Attorneys' Eyes Only

Information before production.  Further, the Parties may designate materials produced by third

parties as Confidential Information or Attorneys' Eyes Only Information subject to this

3

Agreement by stamping those materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the manner set forth above and notifying all other Parties of the designation.

 3.  "Qualified Persons" are defined as follows for:

  (a) "Confidential Information:" Such documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth herein:

   (i) those officers, directors, employees, agents, and/or representatives and/or other individuals identified by a Party with knowledge of the facts identified in the pleadings or with knowledge of matters that are relevant to the issues raised by either Party in the litigation, including, but not limited to, employees and agents who are necessary to the prosecution or defense of this action and who have responsibilities related to this litigation;

   (ii) in-house and outside counsel for the Parties (and their attorneys, paralegals, legal assistants, secretaries, and other legal employees and agents that are assigned to and reasonably necessary to assist such counsel in the litigation in this Action;

   (iii) Outside foreign counsel, consultants, or experts (i.e, not existing employees, or an affiliate of a Party), retained for the purpose of this litigation, provided that; (1) such foreign counsel, consultants, or experts are not presently employed by the Parties, hereto for purposes other than this Action; and (2) before access is given the foreign counsel, consultant, or expert has completed the undertaking to this Order attached as Appendix A hereto..;

   (iv) Independent litigation support services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

   (v) the Court and its personnel.

(b)     "Attorneys' Eyes Only" Information:  Information: access to, and disclosure of, such designated Discovery Material shall be limited to individuals listed above in paragraphs 3(a)(ii-v).

4.      Qualified Persons, as defined in Sections 3 and 4 above, shall be allowed access to Confidential Information or Attorneys' Eyes Only Information only after complying with the following procedure:

Before receiving any type of Confidential Information or Attorneys' Eyes Only Information,  each outside foreign counsel, consultant, or expert shall first be furnished with a copy of this Protective Order and shall execute and return to counsel of record for the Party from whom the person received such Protective Order, a copy of the undertaking annexed hereto as Exhibit A.

5.      Confidential Information or Attorneys' Eyes Only Information shall be used solely for the purpose of the instant litigation and shall not be made available to any persons or entities other than Qualified Persons.  The Qualified Persons shall maintain the Confidential Information or Attorneys' Eyes Only Information of each Party separately.  Upon written notification by a Party and/or a Party's attorney, the Confidential Information or Attorneys' Eyes Only Information shall be destroyed by shredding within ten (10) days or, in the alternative, the Confidential Information or Attorneys' Eyes Only Information shall be returned to the producing Party.  In either case, the Qualified Person shall execute and send to the producing Party an affidavit attesting that all documents have been destroyed or returned to the producing Party. The Confidential Information or Attorneys' Eyes Only Information shall not be used for any business, commercial, competitive, personal or other purpose other than described in this Protective Order.

5

6.      Confidential Information and/or Attorneys' Eyes Only Information, the substance or context thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed or summarized, either in writing or orally, to anyone other than a Qualified Person or a Party's attorney and employees of a Party's attorney, and may not be used for any purpose whatsoever other than for the purpose of the instant litigation.

7.      Only the Qualified Persons shall be in possession of Confidential Information and/or Attorneys' Eyes Only Information and, therefore, shall exercise reasonable, appropriate care with regard to the storage, custody or use of such Confidential Information and/or Attorneys' Eyes Only Information to ensure that the confidential nature of the information is maintained. Material marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" which is to be made available to the Court, shall be provided to the Court *in camera* or provided to the Court under seal in accordance with Individual Rules 5(d)-(e) for The Honorable Jessica G.L. Clarke of the Southern District of New York and <u>not</u> otherwise made a part of the Court's file. As provided in Rule 5(e), the party seeking to make the Confidential Information or Attorneys' Eyes Only Information available to the Court shall file a letter-motion seeking leave to file a document under seal on ECF setting forth a reasonable basis for departing from the general policy of a public filing and the other information required in that Rule, and if the motion to seal is made at the request of the opposing party or a third party, the filing party shall notify the opposing party or third party that it must file on ECF, within three business days of the filing party's letter-motion seeking leave to file under seal, a letter explaining the need to seal the document.   The Parties may not file the Confidential Information and/or Attorneys' Eyes Only Information with the Court other than in the manner described herein and provided for in Rules 5(d)-(e) of Judge Clarke's Individual Rules.  In the event material is filed under seal as provided

6

above, all Parties agree that material will be deemed filed as of the date the Party filed its motion for leave to file the material under seal. The Parties further agree not to take the position that any such material cannot be considered in support of any filing which was made contemporaneously with or after the motion for leave to file the material under seal, if such filing was timely filed with the Court and timely and properly served on the Parties.

8.      If Confidential Information and/or Attorneys' Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the Party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all Parties, make every reasonable effort to retrieve such Confidential Information and/or Attorneys' Eyes Only Information and prevent further disclosure.

9.      When Confidential Information and/or Attorneys' Eyes Only Information is discussed, quoted or referred to in any form, the disclosing Party shall ensure that only Qualified Persons are present. The use of any such Confidential Information and/or Attorneys' Eyes Only Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise; provided, however, that no Confidential Information and/or Attorneys' Eyes Only Information shall be included in any pleading or used or offered in any hearing unless prior to such use or offer, the disclosing Party shall bring such disclosure to the attention of the opposing attorney, and obtain an agreement or order as to its disclosure. In the absence of such agreement or order, the provisions for making the material available to the Court *in camera* or filing under seal set out in Section 7 shall be followed.

10.     Entering into, agreeing to, and/or producing or receiving Confidential Information and/or Attorneys' Eyes Only Information or otherwise complying with the terms of this

7

Protective Order shall not:

      (a)     Operate as an admission by any Party that any Discovery Materials designated as Confidential Information and/or Attorneys' Eyes Only Information contain or reflect trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

      (b)     Prejudice in any way the right of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information and/or Attorneys' Eyes Only Information;

      (c)     Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or the evidence subject to this Protective Order;

      (d)     Prevent the Parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Materials.

      11.     Pursuant to Local Rule 37.3 of the Southern District of New York, if any Party objects to the "Confidential" and/or "Attorneys' Eyes Only" designation, it shall specifically describe the objected-to documents or information along with the basis for the objection. The Parties shall make a good faith effort to resolve any dispute regarding "Confidential" and/or "Attorneys' Eyes Only" designations in accordance with the requirements of Rule 4(k) of Judge Clarke's Individual Rules concerning discovery disputes. If an objection is received and the parties are unable to resolve their dispute, the parties shall promptly file on ECF a single letter-

motion, jointly composed, no longer than five pages, explaining the nature of the dispute and, if applicable, requesting an informal conference, in accordance with Rule 4(k) of Judge Clarke's Individual Rules.  .  Confidential Information and/or Attorneys' Eyes Only Information for which an objection has been made shall be treated under the terms of this Protective Order until further order of the Court.  There shall be no obligation to challenge a "Confidential" and/or "Attorneys' Eyes Only" designation when made, and a failure to do so shall not preclude a subsequent challenge thereto.

12.      Each Party to this Action may request, in writing, permission to disclose Confidential Information and/or Attorneys' Eyes Only Information to a specific individual not authorized under this Protective Order to have access thereto, and such request shall identify the individual or entity and state the reason for the request.  Specifically, no Confidential Information and/or Attorneys' Eyes Only Information shall be disclosed to any competitors not a Party to this litigation absent request under this section and Court approval.  No Confidential Information and/or Attorneys' Eyes Only Information shall be provided or disclosed to said individual or entity for a period of ten (10) days following written notification.  During that ten (10) day period, the Party that opposes the request may file an objection with the Court.  Until such objection is resolved by the Parties or the Court, no Confidential Information and/or Attorneys' Eyes Only Information may be disclosed to the individual or entity who is the subject of the pending objection.

13.      This Protective Order shall not be construed to prevent the Parties from applying to the Court for relief therefrom, or from applying to this Court for further or additional protective orders.

9

14.     All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the Parties and the Qualified Persons after the conclusion of the instant litigation, including all appeals until further order of the Court, unless the Parties agree otherwise in writing.  Any and all originals and copies of Discovery Materials designated as Confidential Information and/or Attorneys' Eyes Only Information shall, at the request of the producing Party and/or the Party's attorney, be returned to the Party within ten (10) days after written notice to the opposing Party and the Qualified Persons, or be securely destroyed by shredding in that timeframe.  In either case, the Qualified Person shall execute and send to the producing Party an affidavit attesting that all documents have been destroyed or returned to the producing Party.

15.     The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection, including but not limited to the attorney-client privilege, the joint defense privilege, the common-interest privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information.  Upon receiving written notice from the producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to the producing party within two (2) business days of receipt of such notice and the receiving Party shall not use such information for any purpose until further Order of the Court.  The Party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.  Any analysis, memoranda or notes, which were

internally generated based upon such inadvertently produced information, shall immediately be treated in conformance with the protected nature of the information.

16.     Any violation of the terms of this Protective Order shall be punishable by interim or final injunctive or other equitable relief, sanctions, contempt of Court citation, or such other or additional relief as deemed appropriate by the Court.

17.     Notwithstanding the terms of this Protective Order, nothing herein or otherwise shall prohibit, apply to, or otherwise prevent any insurer of any Party from providing Confidential Information in the ordinary course of its business or when otherwise required by law, to regulators, insurers, reinsurers, auditors or other similar entities solely for reporting purposes. Documents provided pursuant to this section, and documents provided to the insurer of any Party, shall not be subject to any destruction or return provisions in this Agreement, including but not limited to Sections 5 and 14 of this Agreement, but shall be maintained solely for the purpose for which they were provided to any such insurers, regulators, reinsurers, auditors or other similar entities.

SO ORDERED this _1_ day of ____December____, 2023:


_Jessica Clarke_____
Jessica G.L. Clarke
United States District Judge


STIPULATED AND AGREED TO:

**TRIBE OF TWO, LLC**

By: _Brenda Schad_____
Its: _di___6B8BE1E47CAC41F..._____

11

**TOD'S S.p.A**

By: _____

Its: _____PROXY HOLDER_____

**DEVA, INC.**

DocuSigned by:

By: _____

Its: _____CEO_____   F6B54B66D72249E...

EXHIBIT A:

## <u>UNDERTAKING REGARDING PROTECTIVE ORDER</u>

The undersigned, _____ (print or type name), an

expert, consultant, non-party deposition or trial witness, or designated representative of

_____ (print or type name of party or law

firm), in connection with the above-captioned action, *Tribe of Two, LLC, v. Tod's S.p.A and

Deva, Inc.*, in the United States District Court for the Southern District of New York, Civil

Action No.:  1:23-cv-03255, hereby acknowledges that he or she has received a copy of the

Protective Order entered in this action, and has read and agreed to be bound by all of the

provisions thereof, including the jurisdiction of this lawsuit in connection with any proceedings

or hearing related to the Protective Order,  Confidential Information or Attorneys' Eyes Only

Information as defined therein.

I will hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this Action any information designated as Confidential

Information or Attorney's Eyes Only Information that is disclosed to me. I further understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. Promptly upon the termination of this action, I will return all documents and

things such designated materials that came into my possession, and all documents and things I

prepared relating thereto, to the outside counsel for the party by whom I am employed. I declare

under penalty of perjury that the following is true and correct.

DATED: _____     _____
                                                                    Signature

14