

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Richard S. Mandel**
(212) 790-9291
rsm@cll.com

May 21, 2024



**VIA ECF**

Hon. Jessica G. L. Clarke
United States District Court for the Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

    Re:    Tribe of Two, LLC v. Tod's S.p.A. and Deva, Inc, 23-cv-3255 (JGLC)
                  <u>Defendants' Letter to Explain the Need for Redactions</u>

Dear Judge Clarke:

    We represent Defendants Tod's S.p.A. and Deva, Inc. (collectively, "Defendants") in the above-referenced action. Pursuant to Rule 5.d.i of Your Honor's Individual Rules and Practices in Civil Cases, we write on behalf of Defendants to explain the need to redact certain documents filed by Plaintiff Tribe of Two, LLC ("Plaintiff") containing information designated as confidential under the protective order entered in this case.

    On May 16, 2024, Plaintiff filed a letter motion requesting leave to file certain documents publicly in redacted form. Plaintiff requested leave to redact the following documents submitted in support of Plaintiff's Motion for Issuance of Letters Rogatory in Italy ("Motion for Letters Rogatory"):

    a)    Motion for Issuance of Letters in Italy (ECF. No. 62 (public), ECF No. 65 (sealed));
    b)    Memorandum of Law in Support of Plaintiff's Motion for Issuance of Letters Rogatory in Italy (ECF. No. 63 (public), ECF No. 66 (sealed));
    c)    Exhibits A-B to Plaintiff's Memorandum of Law (ECF No. 63-1, 63-2 (public), ECF No. 66-1, 66-2 (sealed));
    d)    Declaration of Roxanne Elings in Support of Motion for Issuance of Letters Rogatory (ECF No. 64 (public), ECF. No. 67 (sealed)); and
    e)    Exhibits 1-3 to the Declaration of Roxanne Elings (ECF No. 64-1, 64-2, 64-3 (public), ECF No. 67-1, 67-2, 67-3 (sealed)).

**I.**    <u>Requested Redactions Pertaining to Plaintiff's Motion for Letters Rogatory</u>

    Documents filed in support of Plaintiff's Motion for Letters Rogatory that reference or otherwise include Defendants' confidential, commercially sensitive, or proprietary information (collectively, the "Requested Redactions") require redaction pursuant to the Parties' Stipulated

**Cowan, Liebowitz & Latman, P.C.**
Hon. Jessica G.L. Clarke
May 21, 2024
Page 2

Protective Order ("Protective Order"), dated December 1, 2023 (ECF No. 30) as summarized in the table below:

| Document / Exhibit Containing Redactions | Justification for Redactions |
|---|---|
| Motion for Issuance of Letters in Italy (ECF. No. 62, at 1 (public), ECF No. 65, at 1 (sealed)). | Redactions disclose Defendants' confidential, commercially sensitive identity of supplier. |
| Memorandum of Law in Support of Plaintiff's Motion for Issuance of Letters Rogatory in Italy (ECF. No. 63, at 1-5, 7 (public), ECF No. 66, at 1-5, 7 (sealed)). | Redactions disclose Defendants' confidential, commercially sensitive identity of suppliers. |
| Exhibit B to Plaintiff's Memorandum of Law (ECF No. 63-2, at 4-5 (public), ECF No. 66-2, at 4-5 (sealed)). | Redactions disclose Defendants' confidential, commercially sensitive identity of supplier. |
| Declaration of Roxanne Elings in Support of Motion for Issuance of Letters Rogatory (ECF No. 64, at ¶¶ 2, 7-8, 10 (public), ECF. No. 67, at ¶¶ 2, 7-8, 10 (sealed)). | Redactions disclose Defendants' confidential, commercially sensitive identity of supplier. |
| Exhibit 2 to the Declaration of Roxanne Elings (ECF No. 64-2, at Tr. 45:2-46:13 (public), ECF No. 67-2, at Tr. 45:2-46:13 (sealed)). | Redactions disclose Defendants' confidential, commercially sensitive information contained in production-related technical drawings. |
| Exhibit 2 to the Declaration of Roxanne Elings (ECF No. 64-2, at Tr. 46:14-25 (public), ECF No. 67-2, at Tr. 46:14-25 (sealed)). | Redactions disclose Defendants' confidential, commercially sensitive identity of supplier. |
| Exhibit 3 to the Declaration of Roxanne Elings (ECF No. 64-3, at Tr. 25:1-14 (public), ECF No. 67-3, at Tr. 25:1-14 (sealed)). | Redactions disclose commercially sensitive information contained in internal emails related to individuals' work performed in product design process. |
| Exhibit 3 to the Declaration of Roxanne Elings (ECF No. 64-3, at Tr. 54:3-23; 71:1-23 (public), ECF No. 67-3, at Tr. 54:3-23; 71:1-23 (sealed)). | Redactions disclose Defendants' confidential, commercially sensitive identity of suppliers; suppliers' roles; and communications with such suppliers. |

**II.     Justification for the Requested Redactions**

As shown by the table above, the Requested Redactions are narrowly tailored in light of the right of public access to judicial documents and designed solely to protect confidential and non-public information from disclosure pursuant to the provisions of the Protective Order.  *See* ECF No. 30 at ¶ 1.  Allowing public access to the documents in unredacted form would reveal Defendants' confidential and commercially sensitive information, including suppliers' identities

**Cowan, Liebowitz & Latman, P.C.**
Hon. Jessica G.L. Clarke
May 21, 2024
Page 3

and roles in production process, information contained in production-related technical drawings, and information related to individuals' work performed in the product design process, which would result in prejudice to Defendants and their competitive position in the fashion industry.

In addition, the Requested Redactions comport with Second Circuit case law, which applies the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id.* at 119–20. This Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access" to documents filed on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

First, the request is consistent with the Second Circuit's recognition that the right of public access to judicial documents is not absolute, and that the "court must balance competing considerations" and seal documents or information where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). The Requested Redactions are "narrowly tailored" because they only redact confidential, commercially sensitive, and previously non-disclosed business and commercial information and information that should be protected from disclosure. *See Vinci Brands LLC v. Coach Servs.*, 23 Civ. 5138, 2023 U.S. Dist. LEXIS 172580, *6 (S.D.N.Y. Sept. 27, 2023) ("[W]here the parties seek to redact financial information such as licensing fees and [a] loan amount, production timelines and information about manufacturers, suppliers or distributors, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to these filings."). Further, if this Court grants the request, the public will still have ample information available to it to understand the underlying dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication").

Second, the public interest in the details that Defendants seek to redact is limited compared to the interest of private parties. Disclosure of the redacted information about suppliers, internal technical documents and work performed in the product design process provides no specific benefit to the public. Here, where there is "limited public, as distinguished from private, interest" in the particular information, the presumption in favor of public access is weak. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (unpublished). The competitive disadvantages that would flow to Defendants if such information were disclosed outweighs the general public interest in disclosure. *See Lugosch*, 435 F.3d at 120.

**Cowan, Liebowitz & Latman, P.C.**
Hon. Jessica G.L. Clarke
May 21, 2024
Page 4

      Third, Defendants have a strong countervailing interest in maintaining the confidentiality of its competitively sensitive business information. As explained above, the Requested Redactions reference, describe, and cite sensitive and confidential commercial information, including names of suppliers' and information about internal technical drawings and the product design process. The foregoing is sufficiently weighty to overcome the presumption of public access especially because Defendants have narrowly tailored their request. *See Graczyk v. Verizon Comm'ns, Inc.*, 18 Civ. 6465, 2020 U.S. Dist. LEXIS 50812, at *22 (S.D.N.Y. Mar. 24, 2020) (sealing "sensitive information that, if disclosed, might harm [the party requesting seal's] competitive standing") (internal marks omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions of confidential business information for a privately held business, which "implicates legitimate privacy interests"). Courts in this District routinely seal documents to prevent the disclosure of confidential business information. *See, e.g., Louis Vuitton*, 97 F. Supp. 3d at 511; *Playtex Prods., LLC v. Munchkin*, Inc., No. 14-CV-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40-41 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing"). In particular, Courts have recognized parties' interest in keeping confidential the names of their suppliers and manufacturers. *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, 1:19-cv-3776-GHW, 2020 U.S. Dist. LEXIS 103933, at *3 (S.D.N.Y. June 10, 2020) (quoting *Louis Vuitton*, 97 F. Supp. 3d at 511) (granting plaintiff's motion to seal exhibits containing the name of its manufacturer where proposed redactions were "limited to the name of its toy manufacturer, information that, if revealed 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'"); *Vinci Brands LLC*, 2023 U.S. Dist. LEXIS 172580, at *6 (permitting redactions of information about manufacturers, suppliers or distributors where proposed redactions were narrowly tailored to protect against preventative harm).

      For these reasons, Defendants respectfully request that the Court permit the Requested Redactions identified in the table above. Additionally, we would request the Court's assistance in having the docket text redacted or modified on PACER for ECF Nos. 58-60, Plaintiff's original mistaken public filing, so as to remove reference to Defendant's supplier if possible. We were advised by the ECF Help Desk that they were unable to modify the docket text once filed. We thank the Court for its attention to this matter.

This letter-motions to seal, *see* ECF Nos. 61, 68 and 74, are granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motions.

The Clerk of Court is directed to keep ECF Nos. 58-60, 65-67 and 72-73 temporarily under seal pending further Order from the Court. Access is restricted to attorneys appearing for the parties and court personnel.

The Clerk of Court is further directed to terminate ECF Nos. 61, 71 and 74.

Respectfully,

COWAN, LIEBOWITZ & LATMAN, P.C.
Attorneys for Defendants

By: _____
        Richard S. Mandel

Dated: May 23, 2024
      New York, New York

SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge