

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Richard S. Mandel**
(212) 790-9291
rsm@cll.com

Application GRANTED. The Clerk of Court is directed to terminate ECF Nos. 93, 94, and 95 and seal ECF No. 95-1. Access is restricted to attorneys appearing for the parties and court personnel. The Clerk of Court is also directed to terminate the Letters Rogatory at ECF No. 86. The Court will issue the Superseding Request.

Dated:  October 28, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

**MEMO ENDORSED**

**VIA ECF**

October 23, 2024

Hon. Jessica G. L. Clarke
United States District Court for the Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

> Re:   Tribe of Two, LLC v. Tod's S.p.A. and Deva, Inc, 23-cv-3255 (JGLC)
>       <u>Joint Letter Motion for Redactions</u>

Dear Judge Clarke:

The Parties to the above-captioned action write jointly to request leave to file certain documents, submitted in connection with the Parties' Joint Request for International Judicial Assistance (the "Parties' Joint Request").  The Parties request permission to redact documents that reference or otherwise include confidential, commercially sensitive, or proprietary information (collectively, the "Requested Redactions") pursuant to the Parties' Stipulated Protective Order ("Protective Order"), dated December 1, 2023 (ECF No. 30).

Those redactions relating to information designated under the Protective Order by the Parties are addressed in the letter below.

**I.   <u>Requested Redactions Pertaining to the Parties' Joint Request</u>**

With respect to the Parties' Joint Request, the Parties' Requested Redactions are narrowly tailored and summarized in the table below.

| Exhibits to the Parties' Joint Request ||| 
|---|---|---|
| Exhibit | Portion to be Redacted | Justification for Redaction |
| Ex. 7 at 1-3 | Suppliers' names only | Redactions disclose Defendants' confidential, commercially sensitive identity of suppliers |

**II.   <u>Justification for the Requested Redactions</u>**

As shown by the table above, the Requested Redactions are narrowly tailored in light of the right of public access to judicial documents and designed solely to protect confidential and non-public information from disclosure pursuant to the provisions of the Protective Order. *See* ECF No. 30 at ¶ 1.  Allowing public access to the documents in unredacted form would reveal Defendants' confidential and commercially sensitive information, including the identity of

**Cowan, Liebowitz & Latman, P.C.**
Hon. Jessica G.L. Clarke
October 23, 2024
Page 2

suppliers, which would result in prejudice to Defendants and their competitive position in the fashion industry. Further, Your Honor has already granted Defendants' prior motion to redact the same information: "the identities and personally identifying information of third parties," *i.e.,* suppliers' names. *See* ECF No. 81 at 4-5.

The Requested Redactions comport with Second Circuit case law, which applies the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must determine: (1) if the documents subject to a sealing request qualify as "judicial documents"; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id.* at 119–20. This Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access" to documents filed on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

First, the request is consistent with the Second Circuit's recognition that the right of public access to judicial documents is not absolute, and that the "court must balance competing considerations" and seal documents or information where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). The Requested Redactions are "narrowly tailored" because they only redact confidential, commercially sensitive, and previously non-disclosed business and commercial information and information that should be protected from disclosure. *See Vinci Brands LLC v. Coach Servs.*, 23 Civ. 5138, 2023 U.S. Dist. LEXIS 172580, *6 (S.D.N.Y. Sept. 27, 2023) ("[W]here the parties seek to redact financial information such as licensing fees and [a] loan amount, production timelines and information about manufacturers, suppliers or distributors, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to these filings."). Further, if this Court grants the request, the public will still have ample information available to it to understand the underlying dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication").

Second, the public interest in the details that Defendants seek to redact is limited compared to the interest of private parties. Disclosure of the redacted information about suppliers provides no specific benefit to the public. Here, where there is "limited public, as distinguished from private, interest" in the particular information, the presumption in favor of public access is weak. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (unpublished). The competitive disadvantages that would flow to Defendants if such information were disclosed outweighs the general public interest in disclosure. *See Lugosch*, 435 F.3d at 120.

Third, Defendants have a strong countervailing interest in maintaining the confidentiality of its competitively sensitive business information. As explained above, the Requested Redactions

**Cowan, Liebowitz & Latman, P.C.**
Hon. Jessica G.L. Clarke
October 23, 2024
Page 3

reference, describe, and cite sensitive and confidential commercial information, including names of suppliers.  The foregoing is sufficiently weighty to overcome the presumption of public access especially because the Parties have narrowly tailored their request.  *See Graczyk v. Verizon Comm'ns, Inc.*, 18 Civ. 6465, 2020 U.S. Dist. LEXIS 50812, at *22 (S.D.N.Y. Mar. 24, 2020) (sealing "sensitive information that, if disclosed, might harm [the party requesting seal's] competitive standing") (internal marks omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions of confidential business information for a privately held business, which "implicates legitimate privacy interests").  Courts in this District routinely seal documents to prevent the disclosure of confidential business information.  *See, e.g., Louis Vuitton*, 97 F. Supp. 3d at 511; *Playtex Prods., LLC v. Munchkin*, Inc., No. 14-CV-1308 (RJS), 2016 U.S. Dist. LEXIS 42261, at *40-41 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing").  In particular, Courts have recognized parties' interest in keeping confidential the names of their suppliers and manufacturers.  *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, 1:19-cv-3776-GHW, 2020 U.S. Dist. LEXIS 103933, at *3 (S.D.N.Y. June 10, 2020) (quoting *Louis Vuitton*, 97 F. Supp. 3d at 511) (granting plaintiff's motion to seal exhibits containing the name of its manufacturer where proposed redactions were "limited to the name of its toy manufacturer, information that, if revealed 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'"); *Vinci Brands LLC*, 2023 U.S. Dist. LEXIS 172580, at *6 (permitting redactions of information about manufacturers, suppliers or distributors where proposed redactions were narrowly tailored to protect against preventative harm).

For these reasons, the Parties respectfully request that the Court permit the Requested Redactions identified in the tables above.  We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *G. Roxanne Elings*                         /s/ *Richard S. Mandel*
G. Roxanne Elings                               Richard S. Mandel
Davis Wright Tremaine                           Cowan, Liebowitz & Latman, P.C.
1251 Avenue of the Americas                     114 West 47th Street
21st Floor                                      New York, NY 10036
New York, New York 10128                        Telephone: 212-790-9291
Telephone: 212-603-6416

                                                *Attorney for Defendants Tod's S.p.A. and*
*Attorney for Plaintiff Tribe of Two, LLC*.     *Deva, Inc*