



**G. Roxanne Elings**
(212) 603-6416 tel
(212) 379-5226 fax

roxanneelings@dwt.com

**MEMO ENDORSED**

April 7, 2025

**VIA ECF**
Hon. Jessica G. L. Clarke
United States District Court for the Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

Re:  *Tribe of Two, LLC v. Tod's S.p.A. and Deva, Inc.*, 23-cv-3255 (JGLC)

Dear Judge Clarke:

    We represent Plaintiff Tribe of Two, LLC ("Plaintiff") in the above-referenced action. Pursuant to Rule 5.d.i of Your Honor's Individual Rules and Practices in Civil Cases, we write on behalf of Plaintiff requesting that certain documents filed on March 17, 2025 containing information designated as confidential under the protective order entered in this case be sealed.

    On March 17, Plaintiff filed a letter motion seeking leave to file certain documents publicly with redactions at the request of Defendants Tod's S.p.A. and Deva, Inc. ("Defendants"). Dkt. 120. In addition to those redactions, Plaintiff now seeks the redaction of Plaintiff's confidential proprietary and financial information contained in the following documents:[1]

- Dkt. 141- Memorandum of Law in Support of Plaintiff's Motion to Exclude Any Testimony, Argument, or Evidence regarding the Rebuttal Expert Report and Opinions of Ivan T. Hofmann at 6.
- Dkt. 142- Declaration of Celyra Myers in Support of Plaintiff's Motion to Exclude the Testimony of Ivan Hofman, Ex. A ¶100, n. 149; Ex. B at 13-14, 28-29, 32, 35, 49, 60-63, 68-69, 84, 87-90, 97-101, 103, 108; Ex. H ¶12, ¶17.
- Dkt 145- Declaration of Celyra Myers in Support of Plaintiff's Motion to Exclude the Testimony of Jonathan Hochman, Ex. C at 13-14, 28-29, 32, 35, 49, 60-63, 68-69, 84, 87-90, 97-101, 103, 108.
- Dkt. 147- Memorandum of Law in Support of Plaintiff's Motion to Exclude Any Testimony, Argument, or Evidence regarding the Rebuttal Expert Report and Opinions of Dr. Stephen Nowlis at 4.

---

[1] The proposed redactions have been highlighted in the docket entries listed below.

DWT.COM

Hon. Jessical G.L. Clarke
April 7, 2025
Page 2

- Dkt. 148- Declaration of Celyra Myers in Support of Plaintiff's Motion to Exclude the Testimony of Dr. Stephen Nowlis, Ex. B at 13-14, 28-29, 32, 35, 49, 60-63, 68-69, 84, 87-90, 97-101, 103, 108.
- Dkt. 151- Declaration of Celyra Myers in Support of Plaintiff's Motion to Exclude the Testimony of Dr. Itamar Simonson, Ex. B at 13-14, 28-29, 32, 35, 49, 60-63, 68-69, 84, 87-90, 97-101, 103, 108.

Documents filed in support of Defendants' Motions to Exclude that reference or otherwise include Plaintiff's confidential, commercially sensitive, or proprietary information also require redaction pursuant to the Parties' Stipulated Protective Order ("Protective Order"), dated December 1, 2023 (Dkt. No. 30). Specifically, Defendants' Motion to Preclude the Testimony of Gabriele Goldaper at 2, 5, and 11 (Dkt. 110) and Exhibit C to the Declaration of Jonathan Z. King in Support of Defendants' Motion to Preclude the Testimony of Gabriele Goldaper (Dkt. 111-3) contain Plaintiff's detailed and commercially sensitive sales information and require redaction.[2]

## I.  The Requested Redactions are Narrowly Tailored

These requested redactions are narrowly tailored in light of the right to public access to judicial documents. The Requested Redactions include only confidential or otherwise non-public information circumscribed by the Parties' Protective Order. Dkt. 30 ¶ 1. The public disclosure of this information would reveal sensitive information regarding Plaintiff's business, specifically its detailed, non-public sales and revenue information.

A three-step analysis governs whether a filing may be submitted under seal or with redaction. First, a court determines whether the filing is a "judicial document;" second, it determines the weight of the presumption of access afforded to the document; and third, it identifies and weighs factors "that legitimately counsel" against public access. *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Sealing or redaction is warranted if, among other reasons, the privacy interests of the party resisting disclosure outweigh the presumption of access. *Id.*

Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d

---

[2] Plaintiff previously sought the complete redaction of a document substantially identical to Dkt. 111-3 in connection with the Parties' Motions for Issuance of Letters Rogatory on the grounds that the document contained confidential information, including the personally identifying information of Plaintiff's customers and suppliers. Dkts. 74; 76. The Court granted the motion to information regarding third parties, but otherwise denied the motion to seal, finding that "[w]ith respect to the other information the parties seek to seal or redact, they have not satisfied their burden to demonstrate 'why the materials in question are particularly commercially sensitive or how their disclosure would cause serious injury.'" (Dkt. 81, 5) (citations omitted). The instant submission renews the request to redact the information therein contained as filed at Dkts. 110 and 111-3.

Hon. Jessical G.L. Clarke
April 7, 2025
Page 3


110, 119 (2d Cir. 2006) (*quoting United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Here, the documents in which the requested redactions are contained are useful to the judicial process as they underly and support the Parties' motions regarding expert testimony in this litigation.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49-50. Here, the documents have been submitted in connection with a discovery, rather than a dispositive, motion, and therefore the weight accorded to the presumption of public access as to the requested redactions should be low.

Finally, in weighing factors that legitimately counsel against public access, the Court may consider potential harm to a business' ability to compete in the future as a result of public disclosure. *See Bergen Brunswig Corp. v. IVAX Corp,* 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases). Here, Plaintiff requests the requested redactions in the interest of protecting its commercially sensitive sales information from public disclosure, which poses a threat of competitive harm. *See, e.g., Playtex Prods., LLC v. Muchkin, Inc.*, 2016 U.S. Dist. LEXIS 42261, at *40 (S.D.N.Y. Mar. 29, 2016) (holding that competitively harmful information related to "sales and revenue" should be sealed); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"). Additionally, Plaintiff is a privately held company, and therefore the weight given to its interest in the confidentiality of its sales and revenue figures is heightened. *See, e.g., Kafati v. Kafati*, 2022 U.S. Dist. LEXIS 224497, at *4 (S.D.N.Y. Dec. 9, 2022) ("Limited sealing is also appropriate for confidential business information related to a privately held Company."); *Broidy v. Global Risk Advisors LLC*, 2023 U.S. Dist. LEXIS 151536, at *11 (S.D.N.Y. Aug. 24, 2023) (noting that additional weight is given to the interests of a private company seeking to protect its confidential business information from public disclosure). Such information may give competitors insight into Plaintiff's business model, growth trajectory, and the timing and nature of its previous sales, which would put Plaintiff at a significant competitive disadvantage.

Hon. Jessical G.L. Clarke
April 7, 2025
Page 4

      For the above reasons, Plaintiff respectfully request that the Court permit the requested redactions identified herein. We thank the Court for its attention to this matter.

Respectfully Submitted,

Davis Wright Tremaine LLP

*/s/ G. Roxanne Elings*

G. Roxanne Elings

Application GRANTED. The Clerk of Court is directed to SEAL ECF Nos. 123, 133, 143-1, 143-2, 143-8, 146-3, 149-2, and 152-2. Access is restricted to counsel for the parties and court personnel. Parties are directed to file the sealed documents with the proposed redactions on the public docket by April 15, 2025. This motion is granted temporarily. The Court will decide, when ruling on the underlying motions, whether the documents shall remain redacted.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: April 9, 2025
      New York, New York