UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRIBE OF TWO, LLC,

Plaintiff,

-against-

TOD'S S.P.A. & DEVA, INC.,

Defendants.

23-CV-3255 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Present before the Court is Plaintiff Tribe of Two, LLC's Motion for Reconsideration of the Court's Opinion and Order granting summary judgment for Defendants Tod's S.p.A. and Deva, Inc. on all of Plaintiff's claims. For the reasons stated herein, the Court denies Plaintiff's motion.

**BACKGROUND**

The Court assumes familiarity with the facts and procedural history of this case, as set forth in its May 11, 2026 summary judgment Opinion and Order. *See* ECF No. 270 ("SJ Opinion"). In that Opinion, the Court granted summary judgment for Defendants as to both Plaintiff's trademark infringement and unfair competition claims under the Lanham Act. *Id.* However, Defendants' counterclaims survived. *See id.* at 35.

On May 26, 2026, Plaintiff moved for reconsideration. ECF No. 273. Plaintiff moves in the alternative for entry of "final judgment as to Plaintiff's claims against Defendants pursuant to Federal Rule of Civil Procedure 54(b)." *Id.*

On June 8, 2026, as directed by the Court, Defendants submitted a letter to the Court stating that "the Court's summary judgment ruling on the absence of a likelihood of confusion also requires the Court to dismiss Tod's counterclaims and to enter a final judgment in the case

dismissing all claims by all parties." ECF No. 275. On the same day, Defendants opposed Plaintiff's Motion to Reconsider. ECF No. 276 ("Opp."). Plaintiff replied on June 15, 2026. ECF No. 277 ("Reply").

## LEGAL STANDARD

S.D.N.Y. Local Civil Rule 6.3 dictates that any motion for reconsideration shall be based upon "the matters or controlling decisions which the moving party believes the court has overlooked." The rule "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court." *Lent v. Fashion Mall Partners, L.P.*, 243 F.R.D. 97, 98 (S.D.N.Y. 2007) (internal citation omitted). In other words, a motion for reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* (affirming a district court's decision to reconsider its earlier ruling when the movant introduced "additional relevant case law and substantial legislative history").

"The standard for reconsideration is strict and the decision is 'within the sound discretion of the district court.'" *Robbins v. H.H. Brown Shoe Co.*, No. 08-CV-6885 (WHP), 2009 WL 2496024, at *1 (S.D.N.Y. July 27, 2009) (quoting *Colodney v. Continuum Health Partners, Inc.*, No. 03-CV-7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004)); *see also Nakshin v. Holder*, 360 F. App'x 192, 193 (2d Cir. 2010) ("The threshold for prevailing on a motion for reconsideration is high."); *Iowa Pub. Emps.' Ret. Sys. v. Deloitte & Touche LLP*, 973 F. Supp. 2d 459, 462 (S.D.N.Y. 2013), *aff'd*, 558 F. App'x 138 (2d Cir. 2014) ("A motion for reconsideration

is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (quoting *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011))).

## DISCUSSION

Plaintiff moves for reconsideration on two distinct grounds. ECF No. 274 ("MTR"). However, neither succeeds.

### I. Plaintiff Fails to Identify Controlling Law Contradicting The Court's Reverse Confusion Analysis

First, Plaintiff moves for reconsideration on the basis that "the Court's marketplace strength analysis misapplie[d] reverse confusion doctrine." MTR at 7–9.

However, Plaintiff fails to identify any controlling caselaw disregarded by the Court. *See id*. Rather, Plaintiff only states that the "the . . . authorities cited by the Court" do not "compel the conclusion that Plaintiff's mark is commercially weak." *Id.* at 8. This argument does not meet the rigid standard required when bringing a motion to reconsider.

Specifically, Plaintiff fails to point to law contradicting that a plaintiff's limited marketplace presence weighs against finding a likelihood of confusion, even in a reverse confusion case, when "there is no evidence of any negative correlation between the junior user's use of its design and the senior user's lack of success." SJ Opinion at 18 (quoting *Denimafia Inc. v. New Balance Athletic Shoe, Inc.*, No. 12-CV-4112 (AJP), 2014 WL 814532, at *13 (S.D.N.Y. Mar. 3, 2014)) (cleaned up). Furthermore, Plaintiff's attempt to distinguish *Denimafia Inc.* is to no avail. *See* MTR at 8. Contrary to Plaintiff's assertion, Plaintiff's "commercial weakness predated [D]efendant[s'] adoption of the challenged mark," *id.*, because even if there was some evidence that Plaintiff's business was expanding prior to Tod's 2016 Double T campaign, Plaintiff's sales were indisputably weak both before and after that date. *See* SJ Opinion at 21

(discussing Plaintiff's low sales between 2012 and 2022); ECF No. 222-12 (Plaintiff's sales from December 2012 through January 2022).

Therefore, because it has failed to identify an overlooked controlling decision or other clear error, Plaintiff has failed to meet the standard for reconsideration of the Court's strength of mark analysis.

## II. The Court Did Not Improperly Resolve Factual Disputes

Plaintiff also moves for reconsideration on the basis that "the Court improperly resolved disputed factual inferences concerning similarity, proximity, actual confusion, bad faith, and consumer sophistication." MTR at 9–16. This argument fails for two reasons.

First, rather than making impermissible factual determinations, the Court applied the law of each likelihood of confusion factor to the undisputed facts of this case, as guided by Second Circuit law. *See RiseandShine Corp. v. PepsiCo, Inc.*, No. 23-1176-CV, 2024 WL 5165388, at *3 (2d Cir. Dec. 19, 2024), *cert. granted*, 146 S. Ct. 2779 (2026) (holding that "the likelihood of confusion test is a legal question").

Second, in any event, Plaintiff's arguments as to each factor, in which Plaintiff attempts to reassert arguments made at the summary judgment stage, also fail. First, Plaintiff takes issue with the Court's similarity of the marks analysis—specifically, that the Court put "undue emphasis on side-by-side distinctions rather than marketplace perception." MTR at 10. However, the Court did consider how the parties' marks appeared in market conditions, *see* SJ Opinion at 25, and in any event, the Court balanced the factors assuming that the similarity of the marks factor "weighed heavily in favor of Plaintiff." *Id.* at 33. Therefore, Plaintiff has not identified grounds for reconsideration as to the Court's similarity of the marks analysis.

Second, Plaintiff, in a single paragraph, raises that the competitive proximity factor "does not require identical channels of trade." MTR at 11. However, the Court made no such assertion, and Plaintiff identifies no error in the Court's proximity analysis. *See* SJ Opinion at 26–28.

Third, Plaintiff's actual confusion argument fares the same. *See* MTR at 11–13. Plaintiff emphasizes that evidence of recognition of similarity between the marks—rather than actual confusion of the marks—should be probative of actual confusion. *Id.* However, this argument dodges the real issue: that Plaintiff's evidence of confusion was weak and anecdotal, arising almost wholly from the observations of a few of Plaintiff's founder's friends. *See* SJ Opinion at 29. This scant evidence led the Court to determine that the actual confusion factor favored Defendants. Plaintiff identifies no caselaw or facts that contradicts this conclusion.

Fourth, Plaintiff argues that the Court improperly resolved the bad faith factor in favor of Defendants. MTR at 13–14. However, in doing so, Plaintiff only reiterates its past argument that Defendants' failure to engage in a trademark search constituted bad faith. *See* ECF No. 214 at 30. Just as before, this argument fails in the face of clear Second Circuit precedent. *See Star Indus., Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 388 (2d Cir. 2005) (holding that a plaintiff failed to meet its burden of proving bad faith and explaining that the Second Circuit "has never held adoption of a mark with no knowledge of a prior similar mark to be in bad faith even in the total absence of a trademark search"). Plaintiff came forward with no evidence that Defendants ever had knowledge or awareness of Plaintiff's mark, and much less that Defendants ever had any "intent to sow confusion between the two companies' products." *Id.* Therefore, the Court denies reconsideration of this factor.

Fifth, and finally, Plaintiff argues, again in one paragraph, that "[t]he Court improperly resolved the consumer sophistication factor." MTR at 14. However, Plaintiff cites *no* law or facts

contradicting the Court's analysis of this factor. In fact, Plaintiff's argument seems to boil down to the contention that sophistication alone "does not eliminate confusion as a matter of law." *Id.* And this is true—sophistication is but one factor in the likelihood of confusion analysis. However, under controlling Second Circuit law, there is no error in determining, based on undisputed facts regarding the parties' luxury consumers, that this factor weighs against a finding of likelihood of confusion. *See, e.g.*, *Star Indus., Inc.*, 412 F.3d at 389–90. Therefore, the Court denies reconsideration of its prior likelihood of confusion analysis.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.

Furthermore, pursuant to Defendants' letter, ECF No. 275, the Court dismisses Defendants' counterclaims.

The Clerk of Court is directed to terminate ECF No. 273 and to close this case.

Dated: November 10, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge